UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DOUGLAS R. MCCARROLL

                         Petitioner,

        v.                                        9:08-CV-0324
                                                                 (TJM/GHL)

HARLEY G. LAPPIN, et al.,

                         Respondents.

APPEARANCES

DOUGLAS R. MCCARROLL
12012-014
Petitioner *pro se*
FCI Ray Brook
P.O. Box 9003
Ray Brook, New York 12977-9003

GEORGE H. LOWE, United States Magistrate Judge

## ORDER AND REPORT AND RECOMMENDATION

      The Clerk has sent to the Court for review a *pro se* petition for writ of *habeas corpus* submitted for filing by Petitioner Douglas R. McCarroll ("Petitioner"), together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

      Petitioner, a federal prisoner serving a 188-month sentence, requests an order barring the Federal Bureau of Prisons from taking a blood sample from Petitioner under the auspices of the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a. Petitioner claims that, pursuant to his Native American religious beliefs, the drawing of blood is an act of war requiring him to "take some form of retaliation, do some act of bravery. Failure to do so would cause him shame and he would be unable to join his ancestors in the Spirit World, as the deceased members of those who went before him reject cowards." (Dkt. No. 1 at 6.) Petitioner is willing to submit a hair or saliva sample in place of the

blood sample. (Dkt. No. 1 at 5.)

As to Petitioner's application to proceed *in forma pauperis*, the form is incomplete because Petitioner did not answer the questions in Paragraphs 2(a)-(b), 3(a)-(f), 4, 5, and 6. Petitioner's application is thus **DENIED WITHOUT PREJUDICE**.

As to the substance of the Petition, Petitioner's claim is more properly cast as a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) than as a *habeas* petition under 28 U.S.C. § 2241. Petitioner is challenging an allegedly unconstitutional condition of his confinement rather than the fact of his conviction or the duration of his sentence. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Loparo v. Unnamed Defendants*, No. 7:06-CV-0654, 2006 WL 3359586 (W.D. Va. Nov. 20, 2006). Accordingly, it is recommended that the Petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a civil rights action setting forth the claims described in the Petition.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE;** and it is further

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED** without prejudice to Petitioner filing a civil complaint setting forth the claims described in the Petition; and it is further

**ORDERED**, that the Clerk serve Petitioner with a form complaint for a *Bivens* action, an application to proceed *in forma pauperis*, and an Inmate Authorization Form; and it is further

**ORDERED**, that the Clerk serve a copy of this Order and Report and Recommendation on Petitioner.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 4, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge